## Korolishin v. Buick Motor Co.

*George F. Dale*, for plaintiff.

*George F. Lavin, Jr.*, for defendant Buick Motor Co.

*Wilbur Greenberg*, for defendant Kutner Buick, Inc.

GAFNI, *J.*, October 27, 1982—Defendant General Motors Corporation (GMC) has moved this court to order the disqualification of the law firm of Dale and Korolishin (the Dale firm) as counsel for plaintiff Michael J. Korolishin (Korolishin).

## I. FACTS

Plaintiff Korolishin, a partner in the Dale firm, has brought the present action alleging that defendants breached express and implied warranties in connection with the purchase of a motor vehicle by plaintiff. George F. Dale, partner with plaintiff, represents plaintiff in the present action. Defendant GMC claims that D.R. 5-102(A) of the Code of Professional Responsibility requires that Mr. Dale, plaintiff's partner, withdraw from representation because his partner, Korolishin, will be called as a witness in this action. Defendant GMC also claims that Mr. Dale's disqualification is required by Canon 9 which requires that a lawyer should avoid even the appearance of professional impropriety or any conduct which appears unethical to laymen.

## II. DISCUSSION

A. Is Disqualification of Counsel Required under Canon 5?

Disciplinary Rule 5-102(A) provides:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and

he or a lawyer in his firm may testify in the circumstances enumerated in D.R. 5-101(B)(1) through (4).

Ethical Consideration 5-9, which explains the relevant policy underlying D.R. 5-102(A) in this case, states:

Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. *The roles of an advocate and of a witness are inconsistent;* the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively. (Emphasis added.)

The purpose of D.R. 5-102(A) and E.C. 5-9 is to protect a client from his or her attorney who undertakes a dual role as both counsel to and witness for the client. These provisions recognize that the inconsistency inherent in an attempt by a person to be both an effective attorney and an effective witness for his client on the same case may dilute the overall effectiveness of the person in each role to the detriment of the client, and, therefore, such a dual role should be avoided. These provisions extend this prohibition to all lawyers in the attorney's firm.

In the present case, however, no client requires protection under these provisions. The concern underlying D.R. 5-102(A) is not involved here as there is no distinct and separate client who may be

affected by his attorney acting as both witness and advocate. No client is being represented by an attorney undertaking such a dual role. In fact, the client in this case, plaintiff Korolishin, is also the person who will adopt the dual role under D.R. 5-102(A) as both witness and, through his partner, attorney at trial. He is the only person who could undertake such a dual role since his lawyer and partner, Mr. Dale, is not to be called as a witness. Accordingly, an application of D.R. 5-102(A) to disqualify Mr. Dale is not warranted. *

Further, because there is an identity of witness and advocate (through the partner) in this case, plaintiff here stands in a position no different than one who seeks to represent himself pro se, in which circumstance, the person often acts as both witness and counsel. There would appear to be little reason to allow lay persons to represent themselves while, in effect, denying this right to counsel.

### B. Is Disqualification Required Under Canon 9?

Canon 9 provides that "(a) lawyer should avoid the appearance of professional impropriety." Defendant GMC claims that the Dale firm's representation of the plaintiff, Korolishin, a partner in the Dale firm, violates Canon 9. This Court disagrees. It has been determined that the Dale firm's representation of the plaintiff is not improper under Canon 5. This Court finds that Canon 9 was not intended to repeal D.R. 5-102(A) of Canon 5, which allows the representation at issue, merely because such representation may have the "appearance of impropriety." See Unified Sewerage Agency, etc. v. Jelco

---

*The parties do not dispute that the exceptions referred to in D.R. 5-102(A) are inapplicable in this case.

Inc., 646 F.2d 1339, 1352 (9th Cir. 1981); Silver Chrysler Plymouth, Inc. v. Chrysler Motor Corp., 518 F.2d 751, 757 (2nd Cir. 1975).

Further, Ethical Consideration 9-2, explicitly states in pertinent part:

While a lawyer should guard against otherwise proper conduct that has a tendency to diminish public confidence in the legal system or in the legal profession, his duty to clients or to the public should never be subordinate merely because the full discharge of his obligation may be misunderstood or may tend to subject him or the legal profession to criticism.

This court has determined that the Dale firm's representation of plaintiff is proper under Canon 5. Its duty to the plaintiff and the public as a law firm should not be subordinate merely because its representation in this case may be "misunderstood or may tend to subject (it) . . . or the legal profession to criticism." In fact, this court does see how, as the defendant claims, "Mr. Dale's continued representation of Mr. Korolishin in this action would surely create an unfavorable impression in the minds of the jury panel toward the American legal system." (Defendants' Memorandum in Support of Motion to disqualify, at 4).

For the foregoing reasons, defendant GMC's motion to disqualify the Dale firm is denied. An appropriate order will be entered.

## ORDER

And now, this October 27, 1982, it is hereby ordered and decreed that defendant, General Motors Corporation's motion to disqualify George F. Dale, Esq. as counsel is hereby denied.